PER CURIAM.
Ednaise Dumercy seeks review of four interlocutory orders by petition for writ of certiorari. Three of the four orders, Order on Motion for Compulsory Independent Medical Examination, Order on Motion to Compel Compliance with Discovery and for Attorney’s Fees, and Order on Motion for Protective Order, involve discovery. Although discovery orders were formerly reviewable by petition for writ of certiorari, Florida Rule of Workers’ Compensation Procedure 4.160(b)(5) now provides that this court has discretionary jurisdiction to review discovery matters and certain other nonfinal orders. Since this case was perfected after the effective date of the amendment, we review these three orders under our 4.160(b) jurisdiction. The fourth order, Order on Motion to Dismiss for Lack of Specificity, does not involve an area as to which this court now has nonfinal review jurisdiction, and is reviewable, if at all, through certiorari.
In January 1992, Dumercy filed a workers’ compensation claim for benefits, and discovery began. On April 1, 1993, the Employer/Servicing Agent (E/SA) filed the Motion to Dismiss for Lack of Specificity. On April 6, 1998, the E/SA filed the Motion for Compulsory Independent Medical Examination, the Motion to Compel Compliance with Discovery and for Attorney’s Fees, and the Motion for Protective Order. The E/SA attached supporting documents and proposed orders to the motions. On April 9, 1993, the Judge of Compensation Claims (JCC) signed the proposed orders granting all four motions without giving Dumercy an opportunity to respond. In her petition, Dumercy disputes many of the detailed factual allegations made by the E/SA in the motions.
The JCC’s entry of orders on the motions without affording Dumercy an opportunity to respond breached Dumercy’s due process rights and violated Florida Rule of Workers’ Compensation Procedure 4.140(a). This rule requires the JCC to give five days’ written notice to the parties before deciding any procedural or discovery motion. Entry of these orders constituted a departure from the essential requirements of law.
We QUASH the four orders and REMAND the ease with instructions that Dum-ercy be heard before the JCC rules on the motions. By this action we make no suggestion as to the outcome on the merits.
BOOTH, MINER and KAHN, JJ., concur.